UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 97-cr-359(2) (PAM/RLE) |
| Plaintiff, | |
| v. | **ORDER** |
| Steven White, | |
| Defendant. | |

_____

This matter is before the Court on Steven White's Motion to Correct Sentence. For the reasons that follow, the Court denies the Motion.

In 1998, White pleaded guilty to aiding and abetting armed bank robbery, 18 U.S.C. § 2113(a) and (d); and to using a firearm during a crime of violence, 18 U.S.C. § 924(c)(2). The Court determined that his total offense level was 25, but found that his criminal history category of IV was overstated and departed downward to III, and sentenced him to 138 months' imprisonment and 5 years' supervised release. In 2011, White violated the conditions of his supervised release by committing first-degree aggravated robbery, and the Court revoked supervised release. The Court determined that his violation was grade A, but declined to reduce his criminal history category to III and found that it was IV, and sentenced him to 24 months' imprisonment and 2 years' supervised release.

White now moves to correct his revocation sentence for clear error under Federal Rule of Criminal Procedure 35. His Motion, however, is time barred. The Court may correct a sentence for clear error only "[w]ithin 14 days after sentencing." Fed. R. Crim.

P. 35(a). White's revocation sentencing occurred in 2011. He has therefore filed the Motion three years too late.

Even if White had timely filed the Motion, both of his arguments for clear error lack merit. First, White argues that the Court erroneously found his criminal history category to be IV at his revocation sentencing because it found his category to be III at his original sentencing. But the Court has the discretion to—yet is not required to—apply the same departure from a defendant's criminal history category to his revocation sentence that it applied to his original sentence. See U.S.S.G. § 71B.4 cmt. 2. And assuming the Court applied the same departure and found White's criminal history category to be III, its revocation sentence of 24 months' imprisonment would still have fallen within the applicable guidelines range of 18 to 24 months. See U.S.S.G. § 7B1.4.

Second, White argues that the Court erroneously imposed supervised release as part of his revocation sentence because the PROTECT Act, which he claims was the basis for the Court to re-impose supervised release on revocation, did not apply to him. As post-revocation penalties relate to the original offense, Johnson v. United States, 529 U.S. 694, 701 (2000), and the PROTECT Act was not in effect when White committed the original offense, Pub. L. No. 108-21, § 101(2), 117 Stat. 650, 651 (2003), the Act did not apply to him. But § 3583(h), the law in effect at the time, empowered the Court to impose a new term of supervised release after revocation and re-imprisonment:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall

2

> not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (1994). And the Court's imposition of an additional two years' supervised release complied with § 3583(h). White's two-year imprisonment term was less than the maximum three-year imprisonment term authorized for a class B felony under 18 U.S.C. § 3583(e)(3). Plus, his two-year supervised-release term did not exceed the difference between the five-year supervised-release term authorized for the original offense under 18 U.S.C. § 3583(b)(1), and his two-year imprisonment term imposed on revocation.

In sum, White's Motion is time barred. And even if it had been timely filed, the Court's revocation sentence was not clearly erroneous. Accordingly, **IT IS HEREBY ORDERED** that White's Motion to Correct Sentence (Docket No. 163) is **DENIED**. **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: <u>Tuesday, December 2, 2014</u>     *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge